■ BRUCE BARKLEY, Respondent, v JOHN T. THOMAS, Defendant, and CURTIS M. PERKINS et al., Appellants. [9 NYS3d 381]—

In an action to recover damages for personal injuries, the defendants Curtis M. Perkins, Gannett Co., Inc., and USA Today appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), dated May 23, 2014, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of

the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the appellants failed to adequately address the plaintiff's claims, set forth in the bill of particulars, that he sustained serious injuries to the cervical and lumbar regions of his spine and to his left shoulder under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d), and that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Staff v Yshua*, 59 AD3d 614 [2009]).

Since the appellants did not satisfy their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Therefore, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Chambers, Cohen, Miller and LaSalle, JJ., concur.